# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3576

_____

| | | |
|---|---|---|
| Esther Lily Tuwaidan, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| Peter Keisler, Acting Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: September 28, 2007
Filed: October 5, 2007

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Esther Tuwaidan, a citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We deny the petition.

_____

[1]Tuwaidan has waived her CAT claim by failing to present any meaningful argument on the claim in her opening brief. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

Tuwaidan testified before the Immigration Judge (IJ) that she suffered from past persecution at the hands of Muslim extremists on account of her Christian faith. The IJ credited her claim that she was at times harassed or discriminated against by fellow Indonesians because she is Christian, but found her testimony about specific instances of harm not credible due to unexplained discrepancies with her earlier affidavit. The IJ determined that the incidents of harassment did not rise to the level of persecution or give rise to a well founded fear of future persecution. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (asylum eligibility).

After careful review of the record, we conclude that the denial of her application for asylum is supported by substantial evidence. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review); Gemechu v. Ashcroft, 387 F.3d 944, 947-48 (8th Cir. 2004) (IJ's credibility findings are entitled to deference if supported by specific, cogent reasons); Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir. 2004) ("Harassment by private citizens does not rise to the level of persecution."). Because we agree with the BIA that Tuwaidan failed to prove eligibility for asylum, her claim for withholding of removal necessarily fails as well. See Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding of removal standard is more rigorous than asylum standard).

Accordingly, the petition for review is denied.

_____